Erik LeRoy, P.C.
500 L St., Ste 302
Anchorage, Alaska 99501
(907) 277-2006
Attorney for Aurora Well Service, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AURORA GAS LLC | : | Case No. A16-00130 |
| | : | Chapter 11 |
| | : | |
| _____ | : | |

**Unsecured Creditors' Committee Reply on Motion for Reconsideration of Order Allowing Payment to Furie Operating LLC for Gap Period Gas Delivery**

The Unsecured Creditors Committee (USCC) of the Debtor files this response to the Debtor's Reply to Aurora Well Service, LLC's (AWS) motion for reconsideration of this Court's July 22, 2016 Ex Parte Order permitting the Debtor to pay Furie Operating Alaska, LLC (or Cornucopia Gas LLC) $87,000 for gas deliveries in the gap period between May 3, 2016, the date of this involuntary and the date of the order for relief. Since AWS' Motion was filed the USCC was appointed.

AWS's Motion for Reconsideration and the Debtor's reply raise three issues.

1.      Did the Debtor misrepresent the relationships between the Debtor and Furie Operating – and does it continue to misrepresent that connection?

2.      Did the Debtor misrepresent the urgency of the $87,000 payment to Furie?

3.      Did the Debtor misrepresent its financial ability to make the $87,000 payment to Furie?

1

### *Kay Rieck's Relationships with the Debtor & Furie Operating Alaska, LLC*

In a September 1, 2016 memo Edward Jones described the related ownership issues as follows:

i.      Aurora Gas, LLC is 100% member owned by Rieck Oil Incorporated.

ii.     Rieck Oil Inc. is a Delaware company, owned by Mr. Kay Rieck.

iii.    Helena Energy, LLC is 100% member owned by Alecto Ltd. In Dubai. Kay Rieck owns 100% of Alecto Ltd; he also is the manager of that company.

iv.    Furie Operating Alaska, LLC is the Designated Operator for Cornucopia Oil and Gas Co., LLC.

v.     Cornucopia Oil and Gas Co., LLC is 100% member owned by Deutsche Oel and Gas AG.

vi.    Deutsche Oel and Gas AG is a publicly traded company in Germany, and Mr. Rieck is a shareholder. Mr. Rieck is simply the owner of Rieck Oil, shareholder of Alecto Ltd, and a shareholder of Deutsche Oel and Gas.

vii.   Aurora Gas and Rieck Oil are not affiliated with Furie, Cornucopia, Deutsche Oel & Gas, Helena Energy or Alecto Ltd.

In his affidavit in support of the ex parte motion for authority to pay Furie Operating Alaska, LLC, Edward Jones swore that

The Debtor is owned by Rieck Oil, LLC a Delaware corporation. I understand that Rieck Oil is owned by Key Rieck, a German national. I also understand the Mr. Rieck, acting through other subsidiaries, has a minority interest in Furie,"

DE 63, p 3. In their Response to the Motion for Reconsideration the Debtor represents that while Kay Rieck is a shareholder of the parent of Furie, "he does not control that company" DE 86. The Debtor also represents in its Response that the demand for the gap gas payment was made by Cornucopia Oil & Gas Co., LLC, a wholly owned subsidiary of DO&G.

2

The USCC thinks these representations, viewed charitably, are incomplete and misleading.  Information the committee has reviewed, which Mr. Jones has also received, represent that Mr. Rieck is not only a shareholder of Deutsche Oel, he is, or at least recently was, the majority shareholder of Deutsche Oel. (Appendix, p. 1)  He is also the Chief Executive Officer of Deutsche Oel.  (Appendix, p.3)  Mr. Rieck has sufficient control over Deutsche Oel that he is authorized to sign a substantial guaranty on behalf of Deutsche Oel.  (Appendix, p 4)  Deutsche Oel owns Cornocopia Oil and Gas, LLC.  (Appendix, p. 5)

Kay Rieck owns the debtor, Aurora Gas and controls Deutsche Oel which owns Cornucopia Oil and Gas, LLC which demanded that Aurora Gas pay the $87,000 of pre-petition gap period payable for make-up gas.  The USCC believe that makes Mr. Rieck, Cornucopia and Deutsche Oel affiliates under 11 U.S.C. §101(2) and insiders under §101(31).

### *Ugency of payment to Furie*

Mr. Jones testified in his declaration that without the Furie make up gas the Debtor would have to cease operating.  DE 63  AWS in it Motion for Reconsideration suggested that this was probably not true for two reasons: first, Tesoro, may have accepted less than its full monthly quantity of gas, or second, if the $87,000 payment had not been made to Cornucopia, Furie may not have cancelled its sale of gas to the Debtor which allowed the Debtor to fulfill its Tesoro contract.  As to the first reason, the Debtor in Reply to the Motion states that "the obligation to Tesoro has been temporarily

3

reduced..." DE 86, p 1, which suggests that Tesoro was and is amenable to at least temporarily amending its contract with the Debtor.  As to the second reason, Mr. Rieck, who has sufficient control over Deutsche Oel to be able execute guarantees on its behalf, is also the owner of the Debtor.   The USCC does not believe that Mr. Rieck would have permitted the closing and liquidation of the Debtor over an $87,000 pre-petition payment to Furie Operating or Cornucopia.

### Debtor's Financial Ability

In its Reply the Debtor notes that its July Operating Report showed that the Debtor had $544,535 on hand on July 31, 2016, a "comfortable margin of liquidity" DE 86.   This statement, however, seems to conflict with Patti Polk's July 18, 2016 email to Bruce Webb which stated:

> David prepared a Declaration for me to sign seeking approval to pay Furie.  However, we need to resolve the KBPL deposit issue first since we currently do not have the funding to pay both the deposit and Furie.

Appendix, p. 6. The representation that $544,535 was on hand on July 31, 2016 is a simplistic snapshot of the Debtor's bank account without addressing the Debtor's July 31, 2016 payable side of the equation.  The USCC believe that the Debtor's gas production is in decline and that it has no cash reserves.   The USCC believe that the Debtor does not have sufficient production to pay its bills as they come due over the next 6 months and that the Debtor does not have a source of investment in the Debtor necessary to rework its gas wells to return them to a level of production that will yield positive cash flow for the Debtor.  The USCC is concerned that the Debtor is currently "eating its principal", including, perhaps the recently noticed sale of its Oil Discharge and Contingency Plan.

4

### *Conclusion*

The Debtor needs the $87,000 it paid Furie.  Given the affiliated nature of the parties to that transaction, and the Debtor's lack of candor concerning the ownership and control issues among related entities, the Debtor's representations of its ability to afford that $87,000 payment to Cornucopia or Furie should not be trusted.   Even if this Court does not have the jurisdiction to order Furie to return the $87,000, the USCC requests that the Court issue such an order with that jurisdictional caveat.  Then we will see if the owner of the Debtor and the CEO of Deutsche Oel can agree to return what to him and them must be a relatively small amount of money.


September 7, 2016                     Erik LeRoy, P.C.
                                     Attorney for Aurora Well Services
                                     Alaska Bar Number 8310130


                                     /s/ Erik LeRoy

5

Certificate of Service

I certify that on September 7, 2016, a copy of this pleading was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

Erik LeRoy

*/s/ Erik LeRoy*