David H. Bundy
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, AK 99501
(907) 248-8431
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In Re:                                              )
                                                    )
AURORA GAS, LLC,                                    )    Case No. A-16-00130
                                                    )    Chapter 11
                                                    )
                       Debtor.                      )
_____)

**MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS
WITH LIMITED NOTICE**

Aurora Gas, LLC, an Alaska limited liability company, Debtor and Debtor in Possession, moves for an order authorizing it to sell certain assets of the estate in the course of liquidation with limited notice under the expedited procedure described below.

Debtor has filed its First Amended Plan of Reorganization (the "Plan"). The Plan provides for liquidation of the Debtor's assets and payment of the proceeds to administrative, priority, and unsecured creditors to the extent that funds become available. Alternatively, the Plan proposes that the company be sold as a going concern to a new owner/operator. However, the only proposal for purchase of the Debtor as a whole has not attracted support from the principal interest holders, and no other purchaser is expected to make a proposal in the near future. So it appears that sale of the Debtor's assets on a piecemeal basis should

Page 1:         Motion for Approval of Asset Sale Process

proceed. Ideally, the Plan would be confirmed before sales begin, in which case court approval for separate sales would not be needed. However, under 11 U.S.C. § 1129 (a) (9) administrative claims must be paid on the effective date of the Plan, or in accordance with separate agreements. As the Debtor has continued to incur losses during the Chapter 11 process, the current administrative debt on the Debtor's books is about $1.5 million, held by approximately 25 different creditors. Debtor has only about $18,000 on hand today and the cash that comes in is needed to pay ongoing expenses such as wages, payroll taxes and supplies; payroll and other costs will be reduced to the extent possible, but must continue as needed to prepare and carry out sales of assets. So the administrative creditors will have to be paid from liquidation proceeds, either because they agree to that treatment, or because there will be no other way to pay them in any event.

Debtor's liquidation effort needs to be efficient and sales will have to take place promptly after buyers are found in order to maintain Debtor's cash flow. The Debtor's assets to be liquidated as described in the Debtor's schedules A/B are:

| Category | Scheduled Value |
|---|---|
| Office furniture | $   15,415 |
| Surface Production Equipment | $4,612,089 |
| Well and Lease Service Equipment | $   798,200 |

The equipment is itemized in the attachments included in the Schedules at Docket 52. Debtor does not believe that the values in the schedules, which are based on Debtor's cost, can be expected. No creditor has claimed a lien or security interest in any of the assets the Debtor

Page 2:    Motion for Approval of Asset Sale Process

proposes to sell, but Debtor does intend that all sales be free and clear of liens, in the event that any liens are claimed.

Management expects that many sales can be accomplished by soliciting buyers involved in the industry; although some items, such as vehicles, may be best sold through dealers. Management also intends to explore the option of using one or more auction sales. Whatever methods are chosen, the process of seeking approval for each sale by the regular process of motion and notice to the creditor matrix will be time consuming and expensive. There is a good chance that the opportunity for favorable sales may be lost if buyers are told they must wait for three or more weeks to get their sales approved, so Debtor would like to expedite the process. The Debtor understands there is reluctance to authorize completely unsupervised sales, and in order to address this reluctance Debtor moves the Court to authorize Debtor's management to complete sales under 11 U.S.C. § 363 after notice of a proposed transaction has been provided by a filing on the ECF system and no objection has been filed within two business days. So if a notice of a sale is filed on a specific Monday, the sale may be closed on Thursday of the same week unless an objection has been filed and not withdrawn; and if the objection is withdrawn the sale may then be closed. The notice will describe the property to be sold, the identity of the buyer, the means by which the buyer was identified, and the proposed sale price.

Bankruptcy Code § 363 states that the trustee may sell property of the estate outside the ordinary course of business "after notice and a hearing." But this term is defined in 11 U.S.C. § 102 (1) to mean after such notice and opportunity for hearing as is appropriate in the particular circumstances. This means very limited notice may be authorized in specific

Page 3: Motion for Approval of Asset Sale Process

situations where the interest of the estate in saving time and money justify more rapid and efficient action, and no hearing should be required unless an objection is filed.

In addition, Debtor proposes to file a weekly report of sales accomplished to date and planned for the next week, to the extent such plans have been formulated. Active parties will receive the reports through the ECF system and be able to raise concerns, ask questions, and if necessary seek the assistance of this Court. [1]

DATED this 17th day of July, 2017.

DAVID H BUNDY, P.C.
Attorney for Debtor

/s/ David H. Bundy
David H. Bundy

**Certificate of Service**

The undersigned hereby certifies that on this
17th day of July, 2017, a true and
correct copy of the foregoing document was served on the following by ECF:

- U. S. Trustee
- Erik Leroy, Esq.
- Katherine Black, Esq.
- Bruce Moore, Esq.
- Joshua Wolfshohl, Esq.
- Michelle Boutin, Esq.
- Micheal Mills, Esq.
- Gary Sleeper, Esq.
- Robert Crowther, Esq.

/s/ David H. Bundy
David H. Bundy

---

[1] Undersigned counsel will circulate a draft order in advance of the hearing on this motion and request suggestions for specific language to address concerns with the proposed process.

Page 4:        Motion for Approval of Asset Sale Process