Erik LeRoy, P.C.
500 L St., Ste 302
Anchorage, Alaska 99501
(907) 277-2006
Attorney for Unsecured Creditors Committee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: : <br> : <br> AURORA GAS LLC : Case No. 16-00130 GS <br> : <br> Debtor. : <br> : | |

UNSECURED CREDITORS COMMITTEE'S STATUS COMMENTS
(July 28, 2017 Hearing)

1.  Time.  If Debtor's projections are correct, it has sufficient income to pay its day to day expenses through August.

2.  Conversion or Dismissal. This case will convert or dismiss, the only questions are which and when.

3.  Conversion problems.

    (a)  This case should not convert still holding any of the gas leases for the reasons stated in the U S Trustee's Trial Brief (De 247) and the USCC's Motion to Abandon (DE 248).  This condition is a timing problem if the Court is going to approve any sale of the Nicolai lease, since at least AE believes it needs an order approving its purchase and then 30 days to get State of Alaska permits or bonds in place.  There is a risk that the AE (or Escopeta) sale will not close, but that the sale will have been

approved.  The Debtor will have to remain in Chapter 11 until that sale closes, which will be after August 31, when the Debtor's daily expenses will exceed its income.

(b) Plug and abandonment as chapter 7 administrative expense.  The U S Trustee's trial brief suggests that plug and abandonment costs may be a chapter 7 administrative expense (DE 247).  No chapter 7 trustee is likely to accept this case unless at least the State of Alaska entities, Cook Inlet Region, Inc., Kaiser Francis (the guarantor of plug and abandonment costs on the CIRI leases), and Tyonek Native Corporation, agree that the chapter 7 trustee's actual costs including commission, accounting and attorney fees, will have priority over any awarded administrative expense claims of such entities.

4. Purchase offers.  Both offers filed in the docket have problems.

(a)  AE's clarification filed at DE 254  discloses the equipment it believes its offer included; a large list of stuff that the Debtor valued fairly highly in its Schedules (DE 52).  Presumably, Escopeta's offer (DE 253) will include the same equipment.  The USCC does not yet have a good idea of the liquidation value of this equipment.

(b)  Both offers, without explicitly saying so,  want the Debtor or the Trustee to file an adversary action to recover Helena Energy, a marketing arm of the Debtor, which the USCC believes the Debtor conveyed to a Furie or Reick controlled Dubai entity within the 90 days preceding the involuntary bankruptcy.  The Escopeta offer explicitly carves out and values this avoidance action.  The USCC believes the AE offer explicitly states that the avoided recovery of Helena  is *included* in its $75,000, but that if Helena is not recovered, AE will still pay the Debtor $75,000, which give the Debtor or trustee no incentive to file the necessary adversary action.

5. Avoidance actions or other claims. A benefit of a conversion over a dismissal of this case is the preservation of avoidance actions. The Helena Energy transfer has been discussed above. There may be others, but the USCC does not believe at this time that there are any avoidance actions with potential for substantial recoveries. The Debtor, or possibly several of the Debtor's vendors, have a claim against Kaiser-Francis for work done on the CIRI leases which Kaiser-Francis was suppose to pay for. Although not an avoidance action, this claim may belong to the Debtor not its vendors and may be best resolved in a chapter 7 rather than state court. In fact, the USCC cannot perceive how this claim can be resolved in state court without a dissolution or receivership action being filed in that venue. Will then the state court judge call one of the panel trustees (or someone else) to ask him or her to accept a receivership?

July 28, 2017                             Erik LeRoy, P.C.
                                          Attorney for Unsecured Creditors Committee

                                          /s/ Erik LeRoy


Certificate of Service

I certify that on July 28, 2017, a copy of this pleading was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

Erik LeRoy

*/s/ Erik LeRoy*