# *Aurora Exploration, LLC*

**4645 Sweetwater Blvd., Suite 200**
**Sugar Land, TX 77479**

### AE's RESPONSE TO DEBTOR'S COUNTER OFFER

Aurora Exploration, LLC (AE) hereby responds to the counter offer received from the Debtor on July 27, 2017.

AE increases its cash offer to **$100,000** for NCU leases, including the surface production equipment previously identified on AE's Exhibit A, all seismic data that covers NCU which can legally be assigned, along with certain Well Test Equipment, Rig Support Equipment, Tanks, Vehicles, and Spill Plan, as listed on the Debtor's Exhibit A to its counter offer.

AE further agrees to Debtor's request to remove the following language from AE Proposal II:

*"The rights to all Aurora Gas, LLC (AG) contracts for the sale of natural gas to Tesoro, HEA and the Large Commercial gas contracts owned by AG on the 60th day before the bankruptcy petition was filed or anytime thereafter, including any gas sales contracts that have been transferred or assigned from AG to any other entity from 60 days prior to the petition to present."*

and replace with:

*"The rights to all Aurora Gas, LLC (AG) contracts for the sale of natural gas to Tesoro, HEA, and Helena Energy, the latter as per Letter Agreement effective 4/1/16.*

AE bifurcates its offer relative to the gas contracts which were assigned to Helena Energy such that the ultimate resolution of that issue is separate from the offer for NCU and will not delay resolution of a sale thereof. AE states, for the record, the contracts assigned to Helena Energy have value to the Debtor's estate, were not assigned for consideration, and were assigned at the direction of Rieck Oil (the entity that acquired Aurora Gas from Kaiser Francis Oil Company) to facilitate the startup of an unrelated business venture. In addition to and separate from the $100,000 for the NCU leases and associated equipment as offered above, AE offers **$10,000** for the gas contracts assigned to Helena Energy when the court determines the contracts are to be returned to the Debtor and assigned to the highest bidder.

AE proposes that this proposal become the standard "NCU Package" upon which any competing offers are made to facilitate the court's and other parties' request that a "apples to apples" comparison of competing offers can be made.

1

**Discussion**

      AE agrees to work within the **State of Alaska's** due process for the transfer of leases; namely, the negotiation and execution of a mutually agreeable DR&R agreement and the proper bonding. We are agreeing to work with the State in this regard including the DNR and AOGCC; however, as of necessity AE Proposal II must be subject to reaching an agreement with these agencies. The failure to reach a mutually acceptable agreement with DNR and/or AOGCC will nullify this offer. These entities and AE must reach a mutually acceptable agreement by August 21, 2017 to support entry of an order approving a motion to sell the assets to be acquired with that sale to be free and clear of liens pursuant to 11 U.S.C. §363(f) and to support entry of an order approving a motion to assume and then assign the leaseholds to be acquired pursuant to 11 U.S.C. §365. AE anticipates that the order approving the sale will entitle it to the protections of 11 U.S.C. §363(m).

      The issue of covering "gap period" expenses at NCU if operations continue has arisen. AE does not propose generating any additional administrative expense as a result of AE's proposal or its acceptance. If continued operations at NCU are economically justified by the continued sale of gas as the Debtor attempts to liquidate, and before the time AE or a competing bidder closes the transaction, then AE is not causing any additional expense by virtue of AE's offer. If the continued operation of NCU cannot be economically justified between any particular date and the date of closing on the sale of the NCU and related equipment, AE would encourage the court to require the Debtor to close the valves on one or more NCU wells and temporarily stop producing gas. The decision regarding whether to produce gas or turn off the valves and temporarily halt production while waiting for the closing on the sale of the NCU and associated equipment is an economic decision. AE has no recommendations or requirements regarding this decision beyond requesting the Debtor not to incur the administrative expense of installing plugs in the NCU wells while closing is pending.

AURORA EXPLORATION, LLC

By: _____  JULY 31, 2017
     G. Scott Pfoff – Manager    Date